FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ JUL 20 2006 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WAYNE A. THOMPSON,

        Plaintiff,

-against-

CITY OF NEW YORK; DEP'T OF
CORRECTIONS; DETECTIVE GENTZ;
ASSISTANT D.A. LIPKANSKY,

        Defendants.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**

06-CV-1743 (NG)

**GERSHON, United States District Judge:**

Plaintiff Wayne A. Thompson, incarcerated at Rikers Island, brings this action *pro se* pursuant to 42 U.S.C. § 1983. The action was transferred from the United States District Court for the Southern District of New York to this Court by order dated March 31, 2006. The Court grants plaintiff's request to proceed *in forma pauperis* and directs plaintiff to file an amended complaint as set forth below.

Background

Plaintiff alleges the following:

> I was discharged by the Queens County Supreme Court on July 13, 2005 after being sentenced. Instead of being released, Assistant D.A. Lipkansky, who tried the case, had me returned to Rikers Island DOC without new commitment papers. I had been arrested the day before on new charges by Detective Gentz of the 107th Precinct, but was never arraigned or remanded. On July 15, 2005, the Dept. of Corrections released me after 3 days of illegal detention. Det. Gentz was on the grounds to arrest me again for the same charges he arrested me on July 12, 2005. He knew I represented myself as a *pro se* litigant and at my protest he deliberately and willfully refused to return my legal-attorney work product. He provided it to the District Attorney and kept my other personal belongings. The District Attorney only returned half of my legal papers back to me in open court.

1

Complaint at 3, ¶ II. D. Plaintiff further alleges that other personal property was taken and not vouchered and that "medical services determined my shoulder needed surgery but refused to do it stating I could not receive the necessary therapy after surgery while incarcerated." Complaint at 3, ¶ III. Plaintiff seeks damages of $1,700,000.

Standard of Review

Under 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from officers or employees of a governmental agency and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam). Similarly, under 28 U.S.C. § 1915(e)(2), the Court must dismiss "at any time" a complaint filed *in forma pauperis* "if the court determines that ... the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Giano v. Goord, 250 F.3d 146, 149 (2d Cir. 2001). As plaintiff is proceeding *pro se*, the Court is obliged to construe his pleadings liberally and interpret plaintiff's pleadings as raising the strongest arguments they suggest. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004) (citation omitted).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a person, acting under color of state law, deprived him of a right, privilege, or immunity secured by the Constitution, laws, or treaties of the United States. 42 U.S.C. § 1983; Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993), cert. denied, 512 U.S. 1240 (1994). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." Id.

A. Claims against the City of New York and the Department of Correction

The allegations in the complaint fail to state a claim against either the City of New York or the Department of Correction. To state a claim against the City of New York, plaintiff must allege that the constitutional violations resulted from a municipal policy or custom. Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 694 (1978); DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998). Respondeat superior cannot be used to establish municipal liability under § 1983. Richardson v. Nassau County, 277 F.Supp.2d 196, 204 (E.D.N.Y. 2003) (citing Board of County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 404-05 (1997)). In this case, plaintiff does not allege, and nothing in the complaint suggests, that the alleged constitutional violations were attributable to any municipal policy or custom. Thus, the complaint does not state a cause of action against the City of New York. 28 U.S.C. § 1915A(b).

Plaintiff's complaint also fails to state a claim against the Department of Correction (DOC). The DOC is an agency of the City of New York. As such, the DOC "lacks the independent legal existence and it therefore not a suable entity." Flemming v. New York City, No. 02 Civ. 4113 (AKH), 2003 WL 296921, at *2 (S.D.N.Y. Feb. 11, 2003); Wilson v. City of New York, 800 F.Supp. 1098, 1101 (E.D.N.Y. 1992). The New York City Charter provides that [a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the [C]ity of New York and not that of any agency, except where otherwise provided by law." N.Y.C. Charter, Ch. 17, § 396.

B. Claims against Assistant District Attorney Lipkansky

Plaintiff's claims against Assistant District Attorney Lipkansky is dismissed since prosecutors enjoy absolute immunity from liability under § 1983 in suits seeking damages for acts carried out in their prosecutorial capacities. Imbler v. Pachtman, 424 U.S. 409, 430 (1976); Doe v. Phillips, 81 F.3d 1204 (2d Cir. 1996); Dory v. Ryan, 25 F.3d 81 (2d Cir. 1994).

3

Plaintiff alleges that defendant Lipkansky "returned him to Rikers Island DOC without any new commitment papers," but admits that he had "been arrested the day before on new charges." Complaint at 3, ¶ II (D). A prosecutor's immunity applies not only in the courtroom, but also in connection with the decision whether or not to commence a prosecution. Gan v. City of New York, 996 F.2d 522, 530 (2d Cir. 1993). Plaintiff does not allege any facts that would defeat absolute immunity as defendant Lipkansky appears to have acted in his or her prosecutorial role.

C. Claims against Detective Gentz - Leave to Amend

Plaintiff alleges that he was arrested by Detective Gentz on July 12, 2005 and on July 15, 2005 for the same charges. However, plaintiff does not allege the result of each of these arrests. To the extent that the case against plaintiff for either charge is ongoing, the Younger abstention doctrine may apply. In Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court held that the district court could not enjoin an ongoing state prosecution, regardless of whether the law under which the plaintiff was being prosecuted was constitutional, citing, *inter alia*, the Federalism principles central to the United States Constitution. In the amended complaint, plaintiff must provide the results of the prosecution for the arrests made by Detective Gentz on July 12, 2005 and July 15, 2005. Plaintiff must be clear when describing the results of the proceedings as to each arrest.

D. Medical Treatment and Deprivation of Property Claims - Leave to Amend

To the extent plaintiff alleges the denial of medical treatment, the Court grants plaintiff leave to replead. Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam). In order to rise to the level of a constitutional violation, a plaintiff must show that the named defendant was deliberately indifferent to plaintiff's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 105 (1976). The deliberate indifference standard includes both objective and subjective components. First, the

4

deprivation of care must objectively be "sufficiently serious." Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994) (citations omitted). Second, the facts must give rise to a reasonable inference that the persons charged with providing medical care knew of those serious medical needs and intentionally disregarded them. Harrison v. Barkley, 219 F.3d 132, 137 (2d Cir. 2000); Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998). Plaintiff must name the individuals who denied or delayed him medical treatment. If plaintiff cannot identify the individual defendants within the time allowed in this Order, he may name them as "John or Jane Doe" along with their place of employment, rank or title, and a physical description. Plaintiff must also provide the date(s) and approximate time of all relevant events and a description of what occurred which would support his claim that medical treatment was denied in violation of his constitutional rights.

Similarly, the Court grants plaintiff leave to replead his deprivation of legal and personal property claims. Gomez, 171 F.3d at 795. In order to plead the violation of plaintiff's right of access to court, plaintiff must demonstrate that he has suffered, or will suffer, actual injury because of defendant's conduct. See Lewis v. Casey, 518 U.S. 343, 349 (1995); Arce v. Walker, 58 F.Supp.2d 39, 44 (W.D.N.Y. 1999) ("Although the taking of an inmate's papers will often interfere with an inmate's right of access to courts, the Court may not presume harm, and some showing of impaired access is required.") (citations and internal quotation omitted). In the amended complaint, plaintiff must describe the "legal-attorney work product" that was taken from him, the case for which it was prepared and what actual injuries he suffered because he did not have these papers. As to the personal property, plaintiff must describe the property and explain what steps he has taken to retrieve his property. Plaintiff must provide the name of the individual defendants, the dates of all relevant events and a description of what occurred which would support his claim that he was denied property in violation of his constitutional rights.

Conclusion

Accordingly, the complaint, filed *in forma pauperis,* is dismissed as to the City of the New York, the Department of Corrections and the Assistant District Attorney Lipkansky as set forth above. 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). No summons shall issue as to these defendants.

Plaintiff is hereby directed to file an amended complaint within 30 days from the date of this Order as set forth above. The amended complaint must be captioned, "AMENDED COMPLAINT," and bear the same docket number as this Order, 06-CV-1743 (NG). No summons shall issue as to Detective Gentz at this time. All proceedings shall be stayed for 30 days or until plaintiff has complied with this Order. If plaintiff fails to comply with this Order within the time allowed, the complaint shall be dismissed and judgment shall enter.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

_____
**NINA GERSHON**
**United States District Judge**

Dated: Brooklyn, New York
　　　　July 18, 2006