UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WAYNE A. THOMPSON,

                Plaintiff,

-against-

DETECTIVE GENTZ; DETECTIVE SVENELID,

                Defendants.
------------------------------------------------------------X

06-CV-1743 (NG) (LB)

MEMORANDUM AND ORDER

FILED
IN CLERKS OFFICE
U.S. DISTRICT COURT E.D. N.Y.
★ APR 2 3 2007 ★
P.M. _____
TIME A.M. _____

**GERSHON, United States District Judge:**

On April 7, 2006, plaintiff Wayne A. Thompson filed this action pursuant to 42 U.S.C. § 1983. By order dated July 18, 2006 ("July 18th Order"), the Court granted plaintiff's request to proceed in forma pauperis, but dismissed the claims against the City of New York, the Department of Correction and the Assistant District Attorney Lipkansky ("ADA Lipkansky"). Plaintiff now moves for reconsideration of the Court's July 18th Order.

Standard for Reconsideration

The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied." Herschaft v. New York City Campaign Finance Board, 139 F.Supp.2d 282, 283 (E.D.N.Y. 2001). "A motion for reconsideration is appropriate when the moving party can demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion ... and which, had they been considered, might have reasonably altered the result before the court." Id. at 284 (internal quotations omitted); see also Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); Local Civil Rule 6.3. District courts apply this rule strictly to dissuade repetitive arguments on issues that have already been fully considered by the court. Commercial Union Ins. Co. v. Blue Water Yacht Club Ass'n, 289 F.Supp.2d 337, 340 (E.D.N.Y. 2003).

In the original complaint, plaintiff alleged that

> I was discharged by the Queens County Supreme Court on July 13, 2005 after being sentenced. Instead of being released, Assistant D.A. Lipkansky, who tried the case, had me returned to Rikers Island DOC without new commitment papers. I had been arrested the day before on new charges by Detective Gentz of the 107th Precinct, but was never arraigned or remanded. On July 15, 2005, the Dept. of Corrections released me after 3 days of illegal detention. Det. Gentz was on the grounds to arrest me again for the same charges he arrested me on July 12, 2005. He knew I represented myself as a *pro se* litigant and at my protest he deliberately and willfully refused to return my legal-attorney work product. He provided it to the District Attorney and kept my other personal belongings. The District Attorney only returned half of my legal papers back to me in open court.

Complaint at 3, ¶ II. D. The Court dismissed the complaint against ADA Lipkansky because prosecutors enjoy absolute immunity from liability under § 1983 in suits seeking damages for acts carried out in their prosecutorial capacities. Imbler v. Pachtman, 424 U.S. 409, 430 (1976); Doe v. Phillips, 81 F.3d 1204 (2d Cir. 1996). A prosecutor's immunity applies not only in the courtroom, but also in connection with the decision whether or not to commence a prosecution. Gan v. City of New York, 996 F.2d 522, 530 (2d Cir. 1993). At that time, plaintiff did not allege any facts which would defeat absolute immunity.

Plaintiff now alleges that ADA Lipkansky directed the police to arrest plaintiff without a warrant on July 15, 2006, in order to obtain his property, specifically "his legal attorney work-product." Plaintiff's Affidavit in Support of Motion for Relief from Judgment or Order dated July 18th, 2006 at 3. Plaintiff further alleges that ADA Lipkansky acted in her administrative capacity, not in her prosecutorial role and argues that ADA Lipkansky purported actions do not entitle her to absolute immunity. Because these allegations were not presented to the Court in the first instance, relief from the Court's July 18th Order dismissing the City of New York, the Department of Correction and ADA Lipkansky is not warranted.

However, in light of plaintiff's pro se status and because the allegations relate back to the original

complaint, the Court vacates that portion of the Order dismissing the complaint against ADA Lipkansky based on absolute immunity as plaintiff has presented facts to suggest that defendant may not be entitled to such immunity. See Kalina v. Fletcher, 522 U.S. 118, 129-30 (1997) (holding prosecutor not entitled to absolute immunity for sworn affidavit to establish probable cause for arrest); Burns v. Reed, 500 U.S. 478, 493 (1991) (holding prosecutor not entitled to absolute immunity for providing advice to police in investigative phase of criminal case); Barbera v. Smith, 836 F.2d 96, 100 (2d Cir.1987) (finding prosecutor not entitled to absolute immunity when supervising and interacting with law enforcement agencies in acquiring evidence that might be used in a prosecution); Barr v. Abrams, 810 F.2d 358, 362 (2d Cir. 1987) (recognizing distinction between filing criminal information and procuring an arrest warrant and executing arrest warrant).

In order to proceed against ADA Lipkansky, however, plaintiff must file a Third Amended Complaint within 30 days which shall replace the original and any subsequent amended pleadings. The Third Amended Complaint must include in the caption defendants Gentz and Svenelid as well as ADA Lipkansky and must also include all the claims from the last amended pleading and the allegations against ADA Lipkansky. Upon filing the Third Amended Complaint, the Clerk of Court shall issue an amended summons naming ADA Lipkansky and the United States Marshals Service shall be directed to serve a copy of this Order, the Third Amended Complaint and the amended summons upon ADA Lipkansky of the Queens County District Attorney's Office and upon the Corporation Counsel.

**SO ORDERED.**

NINA GERSHON
United States District Judge

Dated: Brooklyn, New York
April 17, 2007